IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE MILES | : | |
| | : | CIVIL ACTION |
| v. | : | No. 11-4040 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| | : | |

O'NEILL, J.                                                                                                  September 21, 2011

## MEMORANDUM

Now before me is a partial motion to dismiss the complaint of plaintiff Jamie Miles filed by defendants the City of Philadelphia, Mayor Michael Nutter, Commissioner Charles Ramsey, Captain Frank Gramlich, Captain Carol Abrams, Captain Dennis Gallagher, Sergeant Steve Naughton, Corporal Karen Preston, and Officer Connie Witherspoon.[1]  For the reasons that follow, I will grant defendants' motion.

## BACKGROUND

Plaintiff, a white female, is a police officer in the Philadelphia Police Department. Compl. at ¶ 18.  On or about March 14, 2008, plaintiff was transferred to the department's Community Relations Unit.  Id. at ¶ 19.  Her direct supervisor was defendant Vega.  Id. at ¶ 20. Plaintiff alleges that between March 14, 2008 and September 15, 2008, Vega engaged in a number of "unwelcomed" or "unwarranted" interactions with her.  Id. at ¶ 21.  On or about March 28, 2008, she claims that Vega "kissed her on the lips after a social outing," an action which she told him was inappropriate.  Id. at ¶ 21(a).  She asserts that on or about May 17, 2008, he "approached her from behind and grabbed her by placing his hands around her neck and chest

---

[1]   Plaintiff's complaint also names Juan Vega as a defendant.  He is not represented by the City of Philadelphia Law Department and has not entered an appearance in this action, answered plaintiff's complaint or filed a motion to dismiss.

area" and said "I know you like me." Id. at ¶ 21(d).  On or about May 22, 2008, he "blocked Plaintiff in her cubicle and tried to convince her to go out with him." Id. at ¶ 21(e).  She alleges that she reported this incident to defendant Preston as "sexual harassment and/or sex discrimination." Id.

Plaintiff alleges that on July 2, 2008, she was harassed by "Ms. Baraket," a woman "who she believes has a personal relationship with Cpl. Vega." Id. at ¶ 21(f).  Plaintiff alleges that she reported her July 2 interaction with Ms. Baraket to defendant Naughton as an incident of "sexual harassment and/or sex discrimination." Id.  Plaintiff asserts that in a subsequent meeting with defendant Gallagher regarding the July 2 incident she informed him that she believed Ms. Barakat had yelled at her in retaliation for plaintiff's rejection of Vega. Id. at ¶ 22.  Vega was transferred from the Community Relations Unit on September 15, 2008. Id. at ¶ 24.

Prior to Vega's transfer, on or about July 16, 2008, plaintiff filed a complaint including seven allegations of sexual harassment and retaliation with the Philadelphia Police Department Equal Employment Opportunity Unit. Id. at ¶ 23.  At the time, "Defendant Abrams was Captain of Internal Affairs, which includes the EEO Unit." Id.  Plaintiff alleges that defendant Gramlich is the current Captain of Internal Affairs. Id.  She asserts without further explanation that both defendants "had knowledge of Plaintiff's complaint to EEO." Id.  Between August and October of 2008, the EEO Unit investigated her complaint. Id. at ¶ 24.  The EEO Unit issued a final determination on or about July 10, 2009, finding that four of plaintiff's seven allegations against defendant Vega based on sexual harassment were substantiated. Id. at ¶ 26.  The EEO Unit also found "a violation of departmental policy regarding Equal Employment Opportunity Regulations." Id.

In addition to her complaint with the EEO unit, on or about July 31, 2008, plaintiff dual filed a charge against the City of Philadelphia with the Pennsylvania Human Relations Commission (Case No. 2008-000632) and the Equal Employment Opportunity Commission (Case No. F172008-62769) alleging sex discrimination and harassment and naming defendant Vega as the harasser. Id. at ¶ 25. The PHRC found that probable cause existed for plaintiff's claim of sexual harassment discrimination, that the City of Philadelphia failed to conduct a proper investigation into her complaint and that the City failed to take prompt and appropriate remedial action by allowing Vega to remain as plaintiff's supervisor after she filed her internal complaint and by allowing Vega to retire without discipline or penalty. Id. at ¶ 27.

Plaintiff claims that she was subjected to additional adverse employment actions beginning on July 21, 2009. Id. at ¶ 28. She alleges that she was given a counseling memo for "work place [sic] irregularities" including "unexcused lateness reports for court and training and irregularities in the ruse [sic] of the computer system." Id. at ¶ 28(a). She claims that "[n]o male officers or officers who had not filed a complaint of employment discrimination against the City were counseled or given discipline for the conduct described." Id. She was issued another counseling memo on or about May 3, 2010 and claims that "[n]o male officers or officers who had not filed a complaint of employment discrimination against the City were counseled or given discipline for the conduct described." Id. at ¶ 28(b). She claims that she was told by defendant "Gallagher that her promotional opportunity to Sergeant may be adversely affected as a result of her filing the internal EEO complaint and a discrimination charge with the PHRC, although [she] had] scored high enough to qualify her for a Sergeant position." Id. She asserts that in May 2010 defendant Naughton gave her multiple assignments with unclear instructions and that defendants

Naughton, Preston and Gallagher thereafter disciplined her in an unspecified manner for not performing the assignments efficiently. Id. at ¶ 28(c). She also claims that defendant Naughton denied her the opportunity to participate in the monthly awards ceremony in June 2010. Id. at ¶ 28(d). She claims that she was made the focus of an internal investigation on or about June 18, 2010 and that she was "made the focus of an internal investigation and sent to Differential Police Responses Unit, which removes any overtime opportunity or pay, or transfers or promotional opportunity." Id. at ¶ 28(f). Plaintiff either amended her prior PHRC complaint or dual filed a new complaint on or about August 16, 2010 to include allegations regarding the 2009 and 2010 events. Id. at ¶ 29. She also made a second complaint with the EEO Unit "alleging further sex discrimination and retaliation, naming the City of Philadelphia" on or about November 30, 2010.

Finally, plaintiff asserts she was assigned to the Evidence Unit from the end of October 2010 to the end of December 2010. Id. at ¶ 31. She claims that "[w]hile at the Evidence Unit, P/O Connie Witherspoon (black, female), also assigned to Evidence, was given information from Internal Affairs/EEO which she should not have been given, regarding Plaintiff's confidential EEO Unit complaints." Id. Plaintiff claims that Witherspoon "confronted" her and "physically assaulted her by pushing her multiple times in the chest and shoulder area and [making] a statement about Plaintiff being 'white trash.'" Id. at ¶ 31. She alleges that she made a complaint about the alleged assault to Lieutenant Hwyrnak in the Evidence Unit, but that Hwyrnak failed to report the assault to Internal Affairs or to take disciplinary action against Witherspoon.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949. When reviewing motions to dismiss in light of Twombly and Iqbal, "[f]irst, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950. "[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d

Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

## DISCUSSION

### I.  Count I: First Amendment Retaliation

Count I of plaintiff's complaint asserts a claim for First Amendment retaliation pursuant to 42 U.S.C. § 1983 against defendants Nutter, Ramsey, Gramlich, Abrams, Gallagher, Naughton, Preston, Vega and Witherspoon. Moving defendants argue that plaintiff's complaint fails to state a claim for retaliation under the First Amendment because the complaints she made to the Police Department's EEO unit, the PHRC and the EEOC did not involve a matter of public concern.

"[W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." Connick v. Myers, 461 U.S. 138, 147 (1983). Under the Supreme Court's decision in Borough of Duryea v. Guarnieri, 131 S. Ct. 2488, 2500 (2011), a public employee pursuing a claim under the First Amendment's Petition clause must establish that he spoke as a citizen on a matter of public concern. "If the Petition Clause were to apply even where matters of public concern are not involved, that would be unnecessary, or even disruptive, when there is already protection for the rights of public employees to file grievances and to litigate." Id. at 2497. "The right of a public employee under the Petition clause . . . is not a right to transform everyday employment

disputes into matters for constitutional litigation in the federal courts." Id. at 2501.

Accordingly, I must determine whether plaintiff's allegations that her complaints involved matters of public concern are sufficiently pled. An employee's speech or petition clause activity involves a matter of public concern where "it can be fairly considered as relating to any matter of political, social or other concern to the community." Brennan v. Norton, 350 F.3d 399, 412 (3d Cir. 2003), quoting Baldassare v. New Jersey, 250 F.3d 188, 194 (3d Cir. 2001). In certain instances, "a complaint by an employee about sexual harassment can constitute a matter of public concern," McCartney v. Pa. State Police, No. 09-1817, 2011 WL 3418381, at *31 (M.D. Pa. Mar. 9, 2011), such as where the complaint raises "implications about public performance or 'the process of self-governance.'" Id., quoting Azzaro v. Cnty. of Allegheny, 110 F.3d 968, 969 (3d. Cir. 1997). However, as set forth in plaintiff's complaint, her grievances "did not seek to . . . advance a political or social point of view beyond the employment context." Borough of Dureya, 131 S. Ct. at 2501. Plaintiff's allegations, viewed in the light most favorable to her, pertain only to conduct directed towards plaintiff and were made to advance only her own interests. Although she asserts that she "spoke out on a matter of public concern by alleging that government officials . . . had engaged in illegal conduct or misconduct in the workplace in the form of sexual harassment and/or sex employment discrimination and retaliation," compl. ¶ 39, as pled, her allegations do not implicate defendants in a pattern of conduct directed at anyone other than her. Cf. McCartney, 2011 WL 3418381, at *31 (finding plaintiff's EEO complaint did not raise an matter of public concern where "[n]othing in the EEO complaint intimated a wider pattern of inappropriate conduct; her consistent suggestion was that she was the sole target of discrimination"). Plaintiff must provide more than a "formulaic recitation" that she spoke out on

a matter of public concern and her "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.  As pled in her complaint, her "ordinary workplace grievances" cannot form the predicate for a First Amendment retaliation claim.  Id. at 2498; see also Bell v. City of Phila., 275 F. App'x 157, 159 (3d Cir. 2008) (holding that "Bell's complaints – which sought not to expose discriminatory or harassing practices or policies at the DA's Office, but complained solely about his own 'abuse' and mistreatment by superiors and co-workers – were not a matter of public concern"); Zelinski v. Pa. State Police, 108 F. App'x 700, 708 (3d Cir. 2004) ("While speech about sexual harassment and other discrimination is certainly important, neither the form, context, nor content of Zelinski's speech support a finding that it addressed a matter of public concern."); Sulehria v. City of N.Y., 670 F. Supp. 2d 288, 318 (S.D.N.Y. 2009) (finding that plaintiff's administrative complaints, which "consist[ed] mostly of a recitation of many instances of alleged hostility or mistreatment directed at him personally, and which apparently affected only him" did not amount to matters of public concern).

Accordingly, I will grant moving defendants' motion to dismiss plaintiff's claim for First Amendment retaliation.  Plaintiff may amend her complaint to the extent that she can allege that her grievances involved a matter of public, rather than personal concern.  See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (holding district court should not dismiss a plaintiff's claims "without either granting leave to amend or concluding that any amendment would be futile").

## II.    Count II: Race Discrimination

Count II of plaintiff's complaint asserts a claim pursuant to 42 U.S.C. § 1983, bears the caption "Race Discrimination" and is directed against defendant Witherspoon.  Plaintiff alleges

that, "because of her race," Witherspoon "confronted" her and "physically assaulted her by pushing her multiple times in the chest and shoulder area and [making] a statement about Plaintiff being 'white trash.'" Compl. ¶ 47, see also Id. at ¶ 31. She also alleges that Witherspoon treated her "unequally or differently . . . in the terms and conditions of employment and contract rights." Id. at ¶ 47.

Moving defendants argue that Count II must be dismissed because, inter alia, plaintiff does not aver that Witherspoon acted under color of state law at the time of the alleged assault, as is required to state a claim under section 1983. See Lake v. Arnold, 112 F.3d 682, 689 (3d Cir.1997) (holding that to state a claim under section 1983, plaintiff must allege "both a deprivation of a federally protected right and that this deprivation was committed by one acting under the color of state law"). Plaintiff's response to the motion to dismiss does not address moving defendants' arguments with respect to Witherspoon.

As moving defendants contend, plaintiff does not aver that the alleged assault occurred while either she or Witherspoon were on duty and she does not allege that the assault took place at the Evidence Unit. Further, even if plaintiff and Witherspoon were on duty at the time of the alleged assault, "not all torts committed by state employees constitute state action, even if committed while on duty." Bonenberger v. Plymouth Twp., 132 F.3d 20, 24 (3d Cir. 1997). "[A]n otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state." Mark v. Borough of Hatboro, 51 F.3d 1137, 1150 (3d Cir.1995).

Plaintiff's allegation that she worked together with Witherspoon in the Evidence Unit is insufficient to state a claim against him under section 1983. Her averments do not plausibly establish that Witherspoon "abused a power or position granted by the" City. Bonenberger, 132

F.3d at 24. Her "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." and she must provide more than a "formulaic recitation" that there was some nexus between Witherspoon's actions and the execution of his official duties. Twombly, 550 U.S. at 555; see also Nadig v. Nagel, 272 F. Supp. 2d 509, 512 (E.D. Pa. 2003) ("Complaints involving an abuse of state power by a public employee must allege a nexus between a defendant's interaction with the victim and the defendant's execution of his or her official duties."). I will dismiss Count II of plaintiff's complaint.[2]

### III. Count III: Monell Liability under 42 U.S.C. Section 1983

Plaintiff's complaint alleges that "through the actions of the [defendants, the City has] established a policy which condones, acquiesces and ratifies discrimination on the bases of sex and/or retaliation against its employees for engaging in First Amendment free speech of Petition Clause activities." Compl. ¶ 51. She alleges that the City "treats unequally and differently persons similarly situated as Plaintiff," it "failed to properly supervise and/or train its supervisors, including [the individual defendants] in civil rights, employment laws, and to the proper use of the City's disciplinary rules," and it "has a policy, practice and custom to misuse its disciplinary system to chill federal rights . . . [and] to deny fundamental rights." Id. at ¶¶ 52, 54, 57.

---

[2] Because it is not inconceivable that plaintiff could assert additional facts in an amended complaint sufficient to state a cognizable claim against Witherspoon, I will grant plaintiff leave to amend. See Shane, 213 F.3d at 116 ("Unless amendment would be inequitable or futile," plaintiff should be granted leave to amend.) If plaintiff files an amended complaint, she should be cognizant that in order to state a Section 1983 claim against Witherspoon the amended complaint must identify both facts sufficient to establish that Witherspoon acted under color of state law and facts that plausibly allege that Witherspoon's actions amounted to an adverse employment action. See, e.g., Storey v. Burns Int'l Sec. Servs., 390 F.3d 760, 764 (3d Cir. 2004).

The allegations in plaintiff's complaint are "merely conclusory and speculative accusations" and are not sufficient to state a claim against the City under Section 1983. Bangura v. City of Phila., 338 F. App'x 261, 265 (3d Cir. 2009). Liability under 42 U.S.C. § 1983 only attaches to a municipality when an injury is inflicted through the execution of the government's policy or custom. Andrews, 895 F.2d at 1480. Plaintiff's allegations do not identify a specific City policy or custom – a "permanent and well-settled" practice – that led to the violation of her constitutional rights. Monell, 436 U.S. at 691. "Under either the policy or custom approach, 'it is incumbent upon [the] plaintiff to show that a policy maker is responsible either for the policy or, through acquiescence, for the custom.'" Wardlaw v. City of Phila., No. 09-3981, 2011 WL 1044936, at *7 (E.D. Pa. Mar. 21, 2011), quoting Andrews, 895 F.2d at 1480.

Plaintiff's complaint "offers only bald assertions that [discriminatory] policies or customs existed without any support that would suggest that what [allegedly happened to her] were not idiosyncratic actions of individual public actors." Burke v. Twp. of Cheltenham, 742 F. Supp 2d 660, 675 (E.D. Pa. 2010). Her allegations with respect to "the history of [ ]violations allegedly committed by [the City's] employees, or [the City's] supposed failure to respond to these violations with discipline," Halterman v. Tullytown Borough, No. 10-7166, 2011 WL 2411020, at *8 (E.D. Pa. June 14, 2011), do not reflect practices that are "so widespread as to have the force of law." Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 502 U.S. 397, 404 (1997). Nor has plaintiff "set forth specific allegations that the need for more or different training was so obvious and so likely to lead to the violation of constitutional rights that the policymaker's failure to respond amounts to deliberate indifference." Goodson v. Maggi, No. 08-44, 2011 WL 3236067, at *14 (W.D. Pa. July 06, 2011), citing Brown v. Muhlenberg Twp., 269 F.3d 205, 216

(3d Cir. 2001). Indeed, her claims include no factual details with respect to the City's training programs.

I will dismiss Count IV of plaintiff's complaint with leave to amend to include sufficiently specific allegations setting forth a City policy or custom that led to the violation of her constitutional rights.

### IV. Claims Against Mayor Michael Nutter, Commissioner Charles Ramsey, Captain Frank Gramlich an Captain Carol Abrams

"In order to impose individual supervisory liability under Section 1983, 'there must be some affirmative conduct by the supervisor that played a role in the discrimination.'" Heneghan v. Northampton Cmty. Coll., No. 09-04979, 2010 WL 273063, at *8 (E.D. Pa. Jul. 8, 2010), quoting Andrews, 895 F.2d at 1478. "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). To state a claim for supervisory liability under section 1983,

> plaintiff must (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

Lynch v. Ramsey, No. 10-3436, 2010 WL 4400027, at *5 (E.D. Pa. Nov. 4, 2010), quoting Brown, 269 F.3d at 216 (3d Cir. 2001).

Because plaintiff's complaint contains no factual averments against defendant Nutter, I

will dismiss her claims against him.  See Pettus v. City of Phila., No. 11-1575, 2011 WL 3452006, at *4 (E.D. Pa. Aug. 5, 2011) (dismissing claims against individual defendant where plaintiff made "no factual allegation whatsoever against" him); Tropiano v. Pa. State Police, No. 06-1569, 2006 WL 2077013, at *3 (E.D. Pa. July 24, 2006) (dismissing plaintiff's section 1983 claim against police commissioner where "no factual allegation even mentions the Commissioner by name").

With respect to defendant Ramsey, plaintiff alleges only that on June 10, 2010, she "noticed" him of her intent to file an action in federal court, compl. ¶ 28(e), and that he "has failed to promote" her.  Id. ¶ 28(g).  From these allegations, she concludes that Ramsey "had direct knowledge of the perceived discrimination and retaliation and took no action to remedy the situation."  Id. ¶ 53.  There is nothing in the complaint to indicate that Ramsey was the "moving force" behind the alleged violations of plaintiff's constitutional rights.  Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989); see also Lynch, 2010 WL 4400027, at *5 (finding plaintiff's bare allegation that Ramsey "acquiesced to or approved and adopted [the actions of the supervisor defendants] as his own action" was insufficient to state a claim for supervisory liability under section 1983); O'Connell v. Sobina, No. 06-238, 2008 WL 144199, at * 21 (W.D. Pa. Jan. 11, 2008) (dismissing plaintiff's claims for supervisory liability under section 1983 where his complaint "failed to allege facts that, if proven, would show that [the supervisor defendants] had any personal involvement in the allege violations of Plaintiff's constitutional rights").  I will dismiss plaintiff's claims against Ramsey.

Finally, plaintiff alleges that Gramlich and Abrams are or were captains in the Internal Affairs Division, that they "had knowledge of" plaintiff's July 16, 2008 complaint to the EEO

Unit, that they "are supervisors and in a position of final authority within the Philadelphia Police department," and they "allowed the harasser to remain as supervisor of Plaintiff after the internal complaint was filed, and did not suspend or reprimand the harasser." Compl. ¶¶ 23, 50, 55.  She does not allege that she personally complained to Gramlich or Abrams about her mistreatment and she does not allege that Gramlich or Abrams participated in or knew of and acquiesced in any determination as to whether to suspend or reprimand defendant Vega for his alleged conduct. "Any allegations concerning the existence of an order or acquiescence leading to discrimination must be pled and proven with appropriate specificity." Andrews 895 F.2d at 1479.  Plaintiff's allegations "are conclusory, are not entitled to an assumption of truth, and are insufficient to support [her] claims." Wilson v. City of Phila., 415 F. App'x 434, 436 (3d Cir. 2011); cf. Carter v. Susquehanna Reg'l Police Dep't, No. 08-4764, 2009 WL 1183415, at *6 (E.D. Pa. Apr. 30, 2009) (finding plaintiff "alleges just barely enough to get past Defendants' motion to dismiss" where "she alleged that she personally complained to all of the commissioners and her supervisors about her mistreatment").  I will dismiss plaintiff's claims against Gramlich and Abrams.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (3d Cir.2008).  To the extent that plaintiff is able to allege facts sufficient to state a claim against Nutter, Ramsey, Gramlich and Abrams, I will grant plaintiff leave to amend her claims against them.

An appropriate Order follows.